UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

THOMAS A. AULICINO,

        Plaintiffs,

v.

NEW YORK CITY (DEPARTMENT OF
HOMELESS SERVICES).

        Defendant.

------------------------------------------------X

03 CV 2395 (SJ) (ALC)

MEMORANDUM
AND ORDER

A P P E A R A N C E S

SCHWARTZ, LICHTEN & BRIGHT, P.C.
113 University Place
11th Floor
New York, NY 10003
212-228-6320
Fax: 212-358-1353
Email: districtleader@msn.com
By:    Arthur Z. Schwartz
Attorney for Plaintiffs

NEW YORK CITY LAW DEPT.
100 Church Street
New York, NY 10007
212-788-6760
Fax: 212-788-0940
Email: awelch@law.nyc.gov
By:    Alicia H. Welch
Attorney for Defendant

1

NEW YORK CITY LAW DEPARTMENT
100 Church Street
Room 2-103
New York, NY 10007
212-676-2750
Fax: 212-788-8877
Email: aoconnor@law.nyc.gov
By:     Andrea Mary O'Connor
Attorney for Defendant

JOHNSON, Senior District Judge:

Presently before the Court is Thomas A. Aulicino's ("Plaintiff") Motion for Leave to File Third Amended and Supplemental Complaint (the "Motion"). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff is employed by the City of New York as a permanent civil service worker. He was employed by the Department of Housing Preservation and Development from 1985 through 1991, and then at the Human Resources Administration ("HRA") through 1993, when the HRA was reorganized. Since 1993, Plaintiff has been employed with the Department of Homeless Services. At all times, Plaintiff has been employed as a Motor Vehicle Operator. As alleged in the original complaint filed in this Court (the "EDNY Complaint"), while working at the Hinsdale Depot of HRA Plaintiff experienced a number of incidents leading him to file an internal agency complaint against his supervisor in January 2002 alleging he was mistreated because of his race. In January 2003, Plaintiff filed a

2

P-049

complaint with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination. On May 5, 2003, Plaintiff filed a complaint in this Court (the "EDNY Complaint") alleging that he had been subjected to a racially hostile work environment and a racially discriminatory failure to promote him to a supervisory role.

On November 7, 2006, this Court adopted Magistrate Judge Lois Bloom's Report and Recommendation granting Defendant's motion for summary judgment and dismissed the EDNY Complaint. Plaintiff appealed this decision and on September 8, 2009, the Second Circuit remanded the case for trial on the failure to promote and hostile work environment claims.

While Plaintiff's appeal was pending in the Second Circuit, he filed subsequent complaints with the New York State Division for Human Rights ("SDHR") and the EEOC alleging retaliatory acts on the part of the City of New York. On March 31, 2008, Plaintiff filed a complaint in the South District of New York (the "SDNY Complaint"), under Title VII of the Civil Rights Act of 1964 and the State and City human rights laws. The SDNY Complaint, which was subsequently amended, contained factual allegations regarding retaliation, in addition to a failure to promote and hostile work environment. Discovery was conducted throughout 2008. On March 13, 2009, Defendant wrote Judge Castel in the SDNY, stating Plaintiff's representation that he was only asserting a retaliation claim in that matter and requesting that a briefing schedule for a summary

3

judgment motion be set after the Second Circuit's decision was rendered. However, after receiving the Second Circuit's decision, on January 19, 2010 Plaintiff sought leave to amend the SDNY Complaint once again. Judge Castel reserved decision on the Motion and on March 25, 2010, the SDNY case was transferred to this Court and consolidated with the earlier pending matter.

The Motion seeks to amend the SDNY Complaint to include alleged retaliatory actions taken against the Plaintiff that took place while the appeal was pending in the Second Circuit, and incidents that took place shortly after Second Circuit rendered its decision. (Schwartz Aff. ¶¶ 4, 5). Plaintiff argues that these subsequent actions require "either a new action or a supplemental pleading." (Schwartz Aff. ¶5). Moreover, according to Plaintiff, because he intended to consolidate the EDNY action for discrimination with the SDNY action for retaliation, the SDNY Complaint required an amendment to include factual allegations through 2009 that support both claims. (Schwartz Aff. ¶ 6).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)") provides that "[t]he court should freely give leave [to amend] when justice so requires." Leave should be freely given "[i]n the absence of apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

4

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Jones v. N.Y. Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (futility); MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998) (per curiam) (delay or prejudice). Thus, in this Circuit, the general rule is "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993).

Defendant alleges that, in the instant case, amending the Complaint would result in prejudice in light of Plaintiff's initial representation that it would not pursue discrimination claims under the SDNY Complaint and because Defendant has not yet had an opportunity to conduct discovery on the new claims. (Welch Aff. ¶¶3, 4). As an initial matter, the Court finds arguments regarding Plaintiff's initial representations moot in light of the consolidation of both matters before this Court. Because the hostile work environment, failure to promote, and retaliation claims are now all before this Court, they will all be heard and decided upon. This is not a case of undue delay.

To determine whether a party will be prejudiced by a proposed amended pleading, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the

5

resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Courts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim. See Monahan, 214 F.3d at 284.

Here, Defendant asserts that Plaintiff's proposed amendments will prejudice it because it has not had the opportunity to conduct discovery on the new claims. (Welch Aff. ¶4). However, this Court can and will reopen discovery on Plaintiff's new claims. The discovery will be limited to the small number of additional incidents alleged and will not be burdensome. See State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843 (2d Cir. 1981) (proposed amendment not prejudicial where the relevant parties had already been deposed, the new claim was related to the original claims, and additional discovery required would be minimal); see also, 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1488 at 652-57 (2d ed. 1990) (noting that courts have granted leave to amend "following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment . . . and even on remand following an appeal."). Moreover, the need for new discovery is not sufficient to constitute undue prejudice on its own. United States v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir.1989); St. Paul Fire & Marine Ins. Co. v.

P-049

Heath Fielding Ins. Broking Ltd., 91 Civ. 0748 (MJL), 1996 WL 19028 at *7 (S.D.N.Y. Jan. 17, 1996). Thus, as long as Defendant has the opportunity to conduct discovery, it cannot show that it will be prejudiced by the Motion.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED in its entirety. Plaintiff is directed to file the amended complaint and to contact Magistrate Judge Bloom's Chambers to proceed with additional discovery.

SO ORDERED.

DATED:
    June 30, 2010
    Brooklyn, New York

s/b Judge Johnson
Sterling Johnson, Jr., U.S.D.J.

7